Littleton, Judge,
delivered the opinion of the court:
Plaintiff contends, first, that in the circumstances of this case the Chief of Ordnance of the War Department and the Secretary of War had authority to reconsider the first award of $220,202.40 notwithstanding the general release in connection therewith which was signed by plaintiff; second, that the supplemental allowance of $102,459.85 was inadequate and did not represent the plaintiff’s actual loss because of the suspension or cancellation of the contract before completion and its expenditures for maintenance and overhead from the date of suspension to October 31, 1919, when the last of the Government materials and equipment was removed from plaintiff’s plants; and that the Chief of Ordnance and the Secretary of War should have allowed $322,079.89 in said supplemental award.
Plaintiff finally contends that if it is not entitled to recover the last-mentioned amount, judgment should be entered in its favor for $102,459.85 determined and allowed by the Chief of Ordnance through the Ordnance Claims Board and approved by the Secretary of War.
Counsel for the defendant insists that the release contained in the first award of October 23, 1919, which was finally approved by the Secretary of War December 17, 1923, was conclusive and binding upon the plaintiff and the United States, and that neither the Chief of Ordnance nor the Secretary of War had authority to reconsider that allowance and make the supplemental award. In the alternative it is contended by counsel for the defendant that if the War Department had authority to reopen the first award, the *440 only amount which plaintiff can recover is $102,459.85 which the Chief of Ordnance and the Secretary of War decided was due and payable under the riñe grenade contract.
There is considerable discussion in the briefs as to the effect of the Dent Act of March 2, 1919, 40 Stat. 1212, which authorized the Secretary of War to award compensation for expenditures connected with the prosecution of war when made upon the faith of an agreement, express or implied, entered into with an officer or agent acting under the authority of the Secretary of War or the President when such agreement was not executed in the manner provided by law. It is agreed on all sides that the contract involved in this case was a formal contract executed according to law. Swift & Co. v. United States, 270 U.S. 124. Plaintiff insists, however, that the provisions of the Dent Act were intended to apply in case of a proxy-signed contract and that the authority conferred by that act upon the Secretary of War is in addition to the authority possessed by him under the law relating to contracts formally executed. We are of opinion that the Dent Act has no application in this case. It was intended to remedy irregularities and in-formalities in the mode of entering into agreements to which it related. It did not enlarge the authority of the agents by whom the agreements were made. Baltimore & Ohio R. R. Co. v. United States, 261 U.S. 592. The Dent Act was not intended to change, enlarge, or modify contracts that were duly executed in writing.
Under the facts in this case it is our opinion that the Chief of Ordnance had authority to reopen the first allowance of $220,202.40 and to make the supplemental award finally approved July 18, 1921, and that the release contained in the first award, and signed by plaintiff, was not, under the facts and circumstances, binding and conclusive upon the parties. In the first award the Chief of Ordnance misconstrued art. V of the contract in holding that he could make no allowance, which allowance, when added to the total amount paid or due for completed grenades, would exceed the amount of $600,000 stated in the contract. As a result of this erroneous interpretation certain arbitrary *441 deductions were made from the total of the items with respect to which allowances were made, and the item of plaintiff’s claim for post-suspension expenses, representing the cost of maintenance and overhead, was excluded from consideration in the first allowance and reserved for presentation and consideration in connection with the settlement to be made under other contracts. Perkins-Campbell Co. v. United States, 264 U.S. 213; Gem Hammock & Fly Net Co. v. United States, 60 C.Cls. 262; West Leechburg Steel Co. v. United States, 61 C.Cls. 294; Dayton Lumber & Mfg. Co. v. United States, 64 C.Cls. 276; L. W. Packard & Co. v. United States, 66 C.Cls. 184.
When settlement of the Mark III fuze contract P-12921 was under consideration, plaintiff presented its claim for the proportion of the post-suspension expense applicable to the rifle grenade contract and when settlement under the fuze contract reached the War Department Ordnance Claims Board a correct interpretation appears to have been placed on article V of the rifle grenade contract and the allowance recommended by the New York District Claims Board in respect of the amount to which the plaintiff was entitled under the rifle grenade contract was excluded from contract P-12921 without prejudice to plaintiff’s right to reopen the prior settlement and present its claim for consideration and determination. The plaintiff made application for reopening of the first award and presented its claim with the result that the Chief of Ordnance, acting through the Ordnance Claims Board, considered the claim and made a supplemental award thereon in the amount of $102,459.85; $98,-557.56 of this amount represented the amount determined by the Chief of Ordnance and the Secretary of War to be due plaintiff on account of the item of post-suspension expense applicable to the rifle grenade contract and $8,902.29, represented the amount of an arbitrary deduction made in the first award in order to bring the amount thereof within the limits thought necessary by the Chief of Ordnance at that time. The supplemental award of $102,459.85 added to the amounts theretofore allowed and paid represented the sums determined by the Chief of Ordnance to be due plain *442 tiff to compensate it fairly and fully for work, labor, and services rendered under and in connection with the contract. The contract provided that the decision of the Chief of Ordnance as to payments and allowances to the contractor thereunder “ will be final and binding on both parties hereto.” In view of this provision the plaintiff can not recover more than $102,459.85. The allowance of this amount represented the final decision of the Chief of Ordnance and was final and binding on both the plaintiff and the Government. Carroll et al. v. United States, ante, p. 103.
Judgment will be entered in favor of plaintiff for $102,-459.85. It is so ordered.
Whalet, Judge; Williams, Judge; Green, Judge; and Booth, Chief Justice, concur.